IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL EARLY CHILDHOOD
PROGRAM ACCREDITATION
COMMISSION, INC.,

    Plaintiff,

v.                               Case No.  16cv1168

NEW MEXICO                     JURY TRIAL DEMANDED
CHILD CARE ASSOCIATION, CHRISSY J.
JETER, KYLE SMITH and HANNAH
FORCE ,

    Defendants.

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE OR MISLEADING DESCRIPTIONS OF FACT, UNFAIR TRADE PRACTICES, COMMON LAW TRADEMARK INFRINGEMENT AND COMMON LAW UNFAIR COMPETITION**

Plaintiff National Early Childhood Program Accreditation Commission, Inc. ("NECPA") alleges the following:

**INTRODUCTION**

This action arises from Defendants' wanton and knowing infringement of NECPA's federally registered trademarks and actions by Defendants that are likely to cause confusion as to whether the parties are associated with one another, when in fact they are not, in violation of the laws of New Mexico and the provisions of the Lanham Act, 15 U.S.C. § 1051 et. seq..  For nearly two (2) decades, NECPA and its predecessor have used the service marks NATIONAL ADMINISTRATOR CREDENTIAL® and NAC® (the "NECPA Marks") for providing and developing education curriculums, classes and workshops in the field of child care and education administration.  NECPA has registered its marks before the United States Patent and Trademark Office (USPTO), and the registration for NAC® has achieved incontestable status.  States across

1

the country, including New Mexico, expressly recognize NECPA's offerings as a means of qualifying directors of licensed child care centers. In fact, when NECPA's offerings were in jeopardy of being removed from New Mexico's regulations, Defendant New Mexico Child Care Association ("NMCCEA") lobbied state legislators to keep them in. The reason for this is plain: until 2014, NMCCEA benefited from state recognition of NECPA's offerings because NMCCEA had an agreement, first with NECPA's predecessor and then with NECPA, under which NMCCEA would provide classes in New Mexico. As recently as January 15, 2016, NMCCEA requested and obtained NECPA's permission to use the NECPA Marks in connection with a continuing education class. As of the filing of this Complaint, NMCCEA states on its own website that, "National Administrators [sic] Credential Course is recognized as a mark of excellence that designates individuals who have demonstrated the knowledge essential to managing a child care center." (Capitalization in original.) Despite all this, NMCCEA now believes that it may use the NECPA Marks with impunity because they purportedly are, "generic, or that, at a minimum, are descriptive marks that have not acquired, or have lost, secondary meaning." NMCCEA's continued unauthorized use of the NECPA marks should not be countenanced.

## THE PARTIES

1. NECPA is a non-profit corporation organized under the laws of the District of Columbia with a business address of 7010 Little River Turnpike, Suite 250, Annandale, VA 22003 and a mailing address of P.O. Box 2948 Merrifield, Virginia 22116.

2. NMCCEA is a non-profit corporation organized under the laws of the state of New Mexico with a business address of 516 Christine Dr, Rio Rancho, New Mexico 87124 and a mailing address of P.O. Box 53400 NE, Albuquerque, New Mexico 87111.

3. Defendant Chrissy J. Jeter ("Jeter") is a New Mexico resident with an address of 6415 Sage Road SW, Albuquerque, New Mexico 87121. Jeter is a director of NMCCEA.

4. Defendant Kyle Smith ("Smith") is a New Mexico resident with an address of 2626 Texas St NE, Albuquerque, New Mexico 87110. Smith is a director of NMCCEA.

5. Defendant Hannah Force ("Force") is a New Mexico resident with an address of 516 Christine Dr, Rio Rancho, New Mexico 87124. Force is the Executive Director of NMCCEA.

6. On information and belief, Jeter, Smith and Force have personally directed the infringing activities that are the subject of this Complaint. NMCCEA, Jeter, Smith and Force are sometimes collectively referred to as "Defendants".

7. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims as provided by 28 U.S.C. § 1367.

8. Venue properly lies in this judicial district under 28 U.S.C. § 1391.

## GENERAL FACTUAL ALLEGATIONS

### A. THE NECPA MARKS

9. NECPA promotes reliable measures of quality in the early childhood field both nationally and abroad.

10. Since at least as early as November 1, 1995 and November 1, 1996, NECPA and its predecessor have used the NECPA Marks for providing and developing education curriculums, classes and workshops in the field of child care and education administration.

11. Only persons who complete a NECPA-authorized NATIONAL ADMINISTRATOR CREDENTIAL® / NAC® course are permitted to use the NECPA Marks as a professional credential certifying their mastery of administration skills.

12. NECPA currently offers a comprehensive, forty-five-hour course for directors and administrators of child care programs under the NECPA Marks (the "comprehensive course").

13. Separate from the comprehensive course, child care professionals also must participate in twenty-four (24) clock hours of continuing education every two (2) years to maintain their NATIONAL ADMINISTRATOR CREDENTIAL® / NAC® certification ("continuing education class(es)").

14. NECPA at all times exercises control over the use and standards of the NECPA Marks.

15. Organizations throughout the United States, including NMCCEA, seek NECPA's approval to use the NECPA Marks in connection with continuing education classes, and in appropriate cases are approved therefore.

16. By virtue of factors such as their longstanding use and the strict maintenance requirements that awardees are subject to, the NECPA Marks have become distinctive and symbolize NECPA's substantial goodwill.

17. NECPA has enhanced its rights in the NECPA Marks by registering the same before the United States Patent and Trademark Office (USPTO) as Reg. Nos. 4240071 (NATIONAL ADMINISTRATOR CREDENTIAL®) and 3839964 (NAC®); print-outs of USPTO records, consisting of registration certificates, trademark assignment abstracts of title, and status records at Exhibit A.

18. NECPA's registration for NATIONAL ADMINISTRATOR CREDENTIAL® contains the following identification of services: "providing a curriculum to improve child care and education administration through an association, namely, developing education curriculums for others in the field of child care and education administration and providing education classes and workshops in the field of child care and education administration."

19. NECPA's registration of the NATIONAL ADMINISTRATOR CREDENTIAL® mark constitutes presumptive evidence of NECPA's exclusive right to use the mark in connection with these services throughout the United States.

20. NECPA's registration for NAC® contains the following identification of services: "education services, namely, providing training and credentialing, namely, educational testing, in the field of childcare professional services."

21. NECPA's registration of the NAC® mark is incontestable and constitutes conclusive evidence of, among other things, NECPA's ownership of the mark, its exclusive right to use the mark in connection with these services throughout the entire United States, and the validity of the mark.

22. The registration for the NAC® mark is now immune from cancellation on the ground that it is merely descriptive and lacking in secondary meaning.

23. For years, New Mexico has recognized NECPA's offerings in its qualifications for directors of licensed child care centers. The current New Mexico Administrative Code states, in pertinent part:

> " . . . STAFF QUALIFICATION AND TRAINING: (1) DIRECTOR QUALIFICATIONS: (a) Unless exempted under Subparagraph (b) below, a child care center will have a director who is at least 21 years old and meets the requirements outlined in the table below.
>
> | **Professional Preparation** | | **Experience** |
> |---|---|---|
> | . . . | | . . . |
> | The National Administrator Credential (NAC)* | and | Two years experience in an early childhood growth and development setting |
> | . . . | | |
>
> *The NAC and two years of experience in an early childhood growth and development setting will be accepted as sufficient qualification for a director under the following conditions: a) The NAC was received prior to November 30, 2012 and b) the NAC has been maintained and has not expired subsequent to November 30, 2012 . . ."

NMAC § 8.16.2.23.

24. New Mexico's Children, Youth and Families Department ("CYFD") has clarified that:

> "[i]f the director has allowed the NAC to lapse and/or received their NAC after November 30, 2012: the NAC and two years of experience in an early childhood growth and development setting <u>is still accepted and must be completed prior to employment</u>. However, the director is **also** required to complete the *Child Growth, Development and Learning* (one of the AA-level "common core courses"). The director will be given until the end of the first full academic semester following their start date to successfully complete this course. Please provide your local licensing office a copy of your NAC and proof of enrollment in the college course."

CYFD's letter to providers is attached hereto as Exhibit B (emphasis in original).

### B. NECPA'S AGREEMENTS WITH NMCCEA

25. NMCCEA had an agreement with NECPA's predecessor for many years to hold comprehensive classes under the NECPA Marks in New Mexico.

26. After NECPA acquired the rights in the NECPA Marks from its predecessor, NECPA and NMCCEA entered into at least two (2) agreements. The first of these agreements was entered on or around February 23, 2012, and ended December 31, 2012. The second of these agreements was entered on or around April 23, 2013, and ended December 31, 2013.

27. Under these agreements, NECPA authorized NMCCEA to offer comprehensive classes under the NECPA Marks in New Mexico.

6

28. These agreements constitute licenses of the NECPA Marks.

29. During the term of its agreements with NECPA, NMCCEA in 2012 faced the threat that NECPA's offerings might be removed as a means of qualifying directors of licensed child care centers. No doubt recognizing that such an action would threaten the benefits of its agreement with NECPA, NMCCEA lobbied state legislators in support of maintaining the NATIONAL ADMINISTRATOR CREDENTIAL® and NAC® as an alternative to the requirement to obtain four (4) college level coursework credits from a community college.

30. Attached hereto as Exhibit C is NMCCEA's letter to New Mexico State Senator Rod Adair from July 18, 2012. In this letter, Defendant Smith wrote in opposition of proposed regulations that would remove the "National Administrator's (sic) Credential (NAC), which is a certificate nationally recognized in 38 states for center Directors. This credential was thoroughly vetted by [the CYFD] and signed into regulation by then Cabinet Secretary Heather Wilson as a way for someone to be recognized as qualified to be Director of a child care center . . . Heather Wilson added other nationally recognized accrediting organizations, including . . . National Early Childhood Program Accreditation (NECPA)."

31. During the term of its agreements with NECPA, NMCCEA enjoyed the use of the NECPA Marks, acknowledged the validity of the NECPA Marks and benefited from the goodwill associated with those marks.

32. As recently as January 15, 2016, NMCCEA sought and obtained NECPA's approval for the use of the NECPA Marks in connection with a continuing education class. A copy of NMCCEA's approval form is attached hereto as Exhibit D.

33. Under this arrangement, NECPA approved NMCCEA to use the NECPA Marks in connection with a single continuing education class to be held on January 16, 2016.

34.     By its authorized use of the NECPA Marks on January 16, 2016 in connection with a continuing education class, NMCCEA enjoyed the use of the NECPA Marks, acknowledged the validity of the NECPA Marks and benefited from the goodwill associated with those marks.

### C.     NMCCEA'S UNAUTHORIZED USE OF THE NECPA MARKS

35.     Without authorization from NECPA, NMCCEA has on at least five (5) separate occasions conducted comprehensive courses using the names NATIONAL ADMINISTRATOR CREDENTIAL, NATIONAL ADMINISTRATOR CREDENTIAL (NAC), NATIONAL ADMINISTRATORS CREDENTIAL COURSE, NATIONAL ADMIN CRED. COURSE, NAC and other similar combinations (collectively, the "Infringing Marks").

36.     The dates of these courses were June 16-20, 2014, October 20-24, 2014, May 21-30, 2015, February 22-26, 2016 and July 11-15, 2016.   Print-outs containing promotions for these classes are attached hereto as Exhibit E.

37.     In at least two (2) of the above print-outs, the promotions mention NECPA specifically.

38.     Without authorization from NECPA, NMCCEA is offering renewals under the Infringing Marks.  NMCCEA's renewal form is attached hereto as Exhibit F.

39.     Without authorization from NECPA, NMCCEA is offering a comprehensive course using the Infringing Marks to be held on November 14-18, 2016.  NMCCEA has used and is using the Infringing Marks in advertising its services on its website and on other social media. Below is a screenshot of NMCCEA's website, active as of the date of filing this complaint:



40.     In addition to using the Infringing Marks, NMCCEA falsely states that the, " . . . National Administrators [sic] Course is required of any individual interested in working as a director in the State of New Mexico."

41.     NMCCEA uses the Infringing Marks for services that are identical to or closely related to the services covered by NECPA's trademark registrations and the services with which NECPA uses the NECPA Marks.

42.     NMCCEA is not part of, nor is it an affiliate of, NECPA.

43.     NECPA has not authorized the adoption or use of the Infringing Marks by NMCCEA to conduct comprehensive courses or renewals.  To the contrary, upon learning of NMCCEA's use of the Infringing Marks to advertise its February 22-26, 2016 comprehensive course, NECPA through its outside counsel on January 29, 2016 demanded that NMCCEA and/or any other person or entity related to NMCCEA, among other things, immediately (a)

cease and desist from using the NECPA Marks, or any mark confusingly similar thereto, in connection with developing education curriculums for others in the field of child care and education administration and providing education classes and workshops in the field of child care and education administration; (b) remove promotions for the Feb. 22-26, 2016 class containing the NECPA Marks from the website located at nmccea.org; and (c) inform registrants of the Feb. 22-26, 2016 class that it is in no way affiliated with, sponsored and/or endorsed by NECPA.

44. A copy of NECPA's counsel's January 29, 2016 letter, without attachments, is attached hereto as Exhibit G.

45. Since January 29, 2016 NECPA has consistently and repeatedly voiced its objection to NMCCEA's continued use of the Infringing Marks and maintained its aforementioned demands.

46. On February 12, 2016, NMCCEA through its outside counsel refused to comply with the demand to cease using the NECPA Marks in connection with classes offered and developed by NMCCEA. A copy of NMCCEA's counsel's February 12, 2016 letter, without attachments, is attached hereto as Exhibit H.

47. Upon information and belief, NMCCEA uses the NECPA Marks with the intent to capitalize on the marks and to portray itself and its services as being authorized, affiliated with and/or endorsed by NECPA, when in fact they are not.

48. As a consequence of NMCCEA's actions, NMCCEA has caused substantial economic damage and irreparable harm to NECPA.

## COUNT I—TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

49. NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

50. Without authorization from NECPA, NMCCEA is using in interstate commerce infringing imitations of the NECPA Marks in connection with providing and developing education curriculums, classes and workshops in the field of child care and education administration.

51. NMCCEA's conduct is likely to have caused and will continue to cause confusion or mistake or deception among consumers and others as to the source, origin, or sponsorship of NECPA's services.

52. NMCCEA's conduct is willful and an intentional violation of NECPA's rights.

53. NMCCEA's conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II—FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

54. NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

55. NMCCEA's actions, as described above, are likely and will continue to cause confusion or mistake or to deceive as to the origin, sponsorship, or approval of NMCCEA, its products, services and commercial activities by or with NECPA, and thus constitutes trademark infringement, false designation of origin, passing off and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

## COUNT III—FALSE OR MISLEADING DESCRIPTIONS OF FACT
## UNDER 15 U.S.C. §1125(a)(1)(B)

56.    NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

57.    NMCCEA's actions as described above constitute false or misleading descriptions of fact in commercial advertising and promotion which misrepresents the nature, characteristic, or qualities of NMCCEA's goods, services or commercial activities, and thus constitute violations of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

## COUNT IV—VIOLATION OF NEW MEXICO UNFAIR TRADE PRACTICES ACT
## 1978 NMSA § 57-12-1 et seq.

58.    NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

59.    By knowingly using the Infringing Marks to conduct comprehensive classes and renewals, NMCCEA engaged in unfair trade practices in violation of the New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.

60.    NMCCEA's representations that its services were authorized, affiliated with and/or endorsed by NECPA were false and misleading.

61.    NMCCEA's misrepresentations were knowingly made in connection with the offering or sale of NMCCEA's goods or services.

62.    NMCCEA's misrepresentations were of the type that may, tend to, or did deceive or mislead those persons to whom the services were offered.

63.    By their actions described herein, NMCCEA willfully engaged in unfair or deceptive trade practices.

### COUNT V—COMMON LAW TRADEMARK INFRINGEMENT

64. NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

65. By virtue of its use and promotion of the NECPA Marks, NECPA established valuable goodwill in its NECPA Marks as used in connection with providing and developing education curriculums, classes and workshops in the field of child care and education administration throughout the U.S., including throughout the State of New Mexico, prior to the adoption and use of the Infringing Marks by NMCCEA.

66. NMCCEA's adoption and use of the Infringing Marks in connection with its services is likely to deceive, confuse and mislead consumers and the general public into believing that NMCCEA and its services emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by NECPA, when they are not.

67. NECPA has been damaged by reason of the infringing activities outlined in this Complaint, and it will suffer irreparable harm unless the continued use of the Infringing Marks is permanently enjoined.

68. Upon information and belief, NMCCEA's conduct as outlined in this Count V has been engaged in with a willful, wanton or reckless disregard for NECPA's rights, so as to justify an award of punitive damages.

### COUNT VI—COMMON LAW UNFAIR COMPETITION

69. NECPA repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth herein.

70. The use by NMCCEA of the Infringing Marks constitutes unfair competition under New Mexico law.

71.     NECPA has been damaged by reason of the unfair competition as outlined in this Complaint, and it will suffer irreparable harm unless the unfair competition is permanently enjoined.

72.     Upon information and belief, NMCCEA's conduct as outlined herein has been engaged in with a willful, wanton or reckless disregard for NECPA's rights, so as to justify an award of punitive damages.

## **PRAYER FOR RELIEF**

NECPA respectfully prays for the following relief:

A.      A permanent injunction prohibiting Defendants and all those acting in concert with Defendants from using the NECPA Marks or any other name or mark likely to be confused with the NECPA Marks including, without limitation, the Infringing Marks;

B.      A permanent injunction prohibiting Defendants and all those acting in concert with Defendants from using the NECPA Marks or any other name or mark including, without limitation, the Infringing Marks, that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with NECPA, or as to the origin, sponsorship, or approval of Defendants' goods, services and/or commercial activities by NECPA;

C.      An award of damages, an accounting of profits, and attorneys' fees and costs, and any and all relief pursuant to 15 U.S.C. § 1117 and the New Mexico Unfair Practices Act; and an award of punitive damages in view of Defendants' willful wanton, or reckless disregard of NECPA's rights;

D.      Destruction of all of Defendants' infringing articles, signage and promotional materials bearing the Infringing Marks;

   E. An order requiring Defendants to inform attendees of its unauthorized comprehensive classes and renewals that it is in no way affiliated with, sponsored and/or endorsed by NECPA; and

   F. Such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on its Complaint herein.

Dated:  October 21, 2016      Respectfully submitted,

             STELZNER, WINTER, WARBURTON, FLORES,
             SANCHEZ & DAWES, P.A.
             *Attorneys for Plaintiff National Early Childhood Program Accreditation Commission, Inc.*
             Post Office Box 528
             Albuquerque, New Mexico  87103
             Phone: (503) 938-7770
             Email: jflores@stelznerlaw.com

       By: */s/ Juan L. Flores*
          JUAN L. FLORES

S:\TXTLIB\16056\pldgs\NECPA Complaint (clean filing copy 10-19-2016).docx